IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARCUS CHRISTOPHER YOUNG,    )
 # 186204,    )
    )
       Petitioner,    )
    )
   v.    )    Civil Action No. 1:14cv256-WKW
    )    (WO)
KARLA JONES, *et al.*,    )
    )
     Respondents.    )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.  INTRODUCTION

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Marcus Christopher Young ("Young") on April 8, 2014.  Doc. No. 1.[1]  Young was convicted of two counts of discharging a firearm into an occupied building and a single count of first-degree assault pursuant to a guilty plea he entered in the Houston County Circuit Court in March 2010.  In his instant petition, he claims that the trial court was without jurisdiction to accept his guilty plea to first-degree assault as a lesser included offense of the attempted-murder count charged in his indictment, which he says was improperly amended.  Doc. No. 1; Doc. No. 2 at 3-8.  The respondents argue that Young's petition is time-barred under the AEDPA's one-year limitation period.  *See* Doc. No. 8.  After reviewing the pleadings and other submissions by the parties, the court

-----

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action. Page references are to those assigned by CM/ECF.

concludes that no evidentiary hearing is required and that Young's petition should be denied as untimely.

## II.   DISCUSSION

### A.   AEDPA's One-Year Limitation Period

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### 1.  Young's State Court Proceedings

On March 8, 2010, Young pled guilty in the Houston County Circuit Court to two counts of discharging a firearm into an occupied building in violation of § 13A-11-61(b), Ala. Code 1975, and one count of first-degree assault, in violation of § 13A-6-20, Ala. Code 1975. *See* Doc. 8-1; Doc. 8-8 at 1.  On that same date, the trial court sentenced Young to 20 years in prison for each of the firearm-discharge convictions and to life in prison for the assault conviction, all terms to run concurrently. *Id*.

Some 17 months later, on August 31, 2011, Young filed a notice of appeal from his convictions. *See* Doc. No. 8-2 at 2.  On September 26, 2011, the Alabama Court of Criminal Appeals entered an order dismissing Young's appeal as untimely filed.  Doc. No. 8-3.  A certificate of judgment was entered that same day.  Doc. No. 8-4.

On October 14, 2010 – several months before he filed his untimely direct appeal – Young filed with the trial court a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure in which he challenged his convictions and sentence. *See* Doc. No. 8-5.  The trial court denied that petition in an order entered on November 16, 2010. *Id*.  Young did not timely appeal from the denial of his Rule 32 petition.

On February 2, 2012, Young filed a petition for writ of mandamus with the Alabama Court of Criminal Appeals requesting that the appellate court grant him an out-of-time appeal from the denial of his Rule 32 petition.  Doc. No. 12-2.  The Alabama Court of Criminal Appeals denied Young's petition for mandamus on March 23, 2012, advising him that

mandamus was not his proper remedy and that, under Ala.R.Crim.P. 32.1(f), a petitioner seeking an out-of-time appeal must do so through a Rule 32 petition filed in the trial court alleging that the failure to appeal was through no fault of the petitioner's.  Doc. No. 8-6.

On July 30, 2013, Young filed a second Rule 32 petition with the trial court.  *See* Doc. No. 8-7 at 12.  In that petition, Young argued, as he does in the instant habeas petition, that the trial court was without jurisdiction to accept his guilty plea to first-degree assault because his indictment charged him with attempted murder.  *Id*. at 6-11.  Notably, Young did not assert a claim that he was entitled to an out-of-time appeal from the denial of his first Rule 32 petition.[2]  In an order entered on August 13, 2013, the trial court summarily denied Young's petition, finding it was successive under Ala.R.Crim.P. 32.2(b). *Id*. at 27.  Young appealed that ruling, and on December 13, 2013, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's judgment.  Doc. No. 8-8.  Young's application for rehearing was overruled, and on March 14, 2014, the Alabama Supreme Court denied his petition for a writ of certiorari and issued a certificate of judgment.  Doc. Nos. 8-9 and 8-10.

---

[2] Such a claim, in any event, would have been untimely if asserted in the petition.  Young's filing of the second Rule 32 petition came well after expiration of the six-month period for doing so. *See* Ala.R.Crim.P. 32.2(c) (providing, in part, that "the time for filing a petition under Rule 32.1(f) to seek an out-of-time appeal from the dismissal or denial of a petition previously filed under any provision of Rule 32.1 shall be six (6) months from the date the petitioner discovers the dismissal or denial").  As discussed in this Recommendation Young knew of the trial court's denial of his first Rule 32 petition no later than February 2, 2012.  He filed his second Rule 32 petition over 18 months after that date.

4

### 2.   *Analysis of Timeliness under AEDPA*

Although Young filed a direct appeal of his convictions and sentence, the appeal was untimely and was dismissed by the Alabama Court of Criminal Appeals.  Consequently, Young's conviction became final on April 19, 2010, which was 42 days after his March 8, 2010, sentencing – the time within which he had to file an appeal under Alabama law.  *See* Ala.R.App.P. 4(b)(1).  On that date, the time for Young to seek direct review expired.  *See* 28 U.S.C. § 2244(d)(1)(A).  Consequently, Young had until April 19, 2011 – absent any tolling of AEDPA's one-year limitation period – to file a timely § 2254 petition.

The limitation period was indeed tolled, pursuant to  28 U.S.C. § 2244(d)(2), on October 14, 2010, when Young filed his first Rule 32 petition challenging his convictions and sentence.[3]  At that time, the one-year limitation period for filing a § 2254 petition had run for 178 days (i.e., from April 19, 2010, to October 14, 2010).  The trial court denied the Rule 32 petition on November 16, 2010.  Young, however, did not properly appeal that decision.  He filed a mandamus petition in the state appellate court, which denied the petition because it was not the proper vehicle for seeking an out-of-time appeal from the denial of a Rule 32 petition.  Therefore, the decision on Young's Rule 32 petition was final, the state court proceedings concluded, and the federal limitation period began to run again on December 28, 2010, i.e., 42 days after the trial court's November 16, 2010, denial of the Rule

---

[3] Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  *See Tinker v. Moore*, 255 F.3d 1331, 1335. n.4 (11th Cir. 2001).

32 petition. *See* Ala.R.App.P. 4(b)(1).

On December 28, 2010, Young had 187 (365 - 178) days remaining on the federal clock within which to file a timely § 2254 petition. After the limitation period began to run again for Young on December 28, 2010, it ran unabated for those 187 days, before expiring on July 5, 2011.[4]  Young did not file his § 2254 petition until April 8, 2014 – well after the federal limitation period had expired.

The state court proceedings on Young's second Rule 32 petition, filed on July 30, 2013, did not affect the running of the federal limitation period in this case, as the federal limitation period had expired well before those proceedings were initiated. "[O]nce a deadline has expired, there is nothing left to toll." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). "A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to federal habeas review. *Id*.; *see Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (Rule 32 petition cannot toll the one-year limitation period pursuant to § 2244(d)(2) if that period has expired prior to filing the Rule 32 petition).

Nor do the tolling provisions of 28 U.S.C. § 2244(d)(1)(B)-(D) provide safe harbor for Young such that the federal limitation period commenced on some date later than April 19, 2010 (when his judgment of conviction became final) or expired later than July 5, 2011 (a date that accounts for tolling under § 2244(d)(2) based on the proceedings on Young's first Rule 32 petition).  There is no evidence that any unconstitutional or illegal State action

---

[4] The court adds two additional days for the running of the limitation period in this case, because July 3, 2011, was a Sunday and July 4, 2011, was a federal holiday.

impeded Young from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). Young presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, Young submits no grounds for relief for which the factual predicate could not have been discovered at an earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

### B.   Equitable Tolling

In rare circumstances, the federal limitation period may be equitably tolled on grounds apart from those specified in the habeas statute where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida.*, 560 U.S. 631, 649 (2010). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The burden of establishing entitlement to equitable tolling rests squarely on the petitioner. *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 1999).

Young suggests he is entitled to equitable tolling – and that the filing of his § 2254 petition well beyond AEDPA's limitation period should be excused – because he did not receive timely notice of the trial court's November 16, 2010, order denying his first Rule 32 petition. Doc. No. 10 at 1-2. Young does not state an exact date on which he allegedly learned of the denial of his first Rule 32 petition. However, he obviously knew of that denial no later than February 2, 2012, as that was the date on which he filed a petition for writ of

mandamus with the Alabama Court of Criminal Appeals requesting that the court grant him an out-of-time appeal from the denial of the Rule 32 petition. The Alabama Court of Criminal Appeals denied Young's petition for mandamus on March 23, 2012. Young's next filing – in either state or federal court – occurred on July 30, 2013, when he filed a second Rule 32 petition with the trial court, one in which he did not assert a claim that he was entitled to an out-of-time appeal from the denial of his first Rule 32 petition. Thus, the record reflects that Young delayed pursuing his rights in state court for well over a year after he undoubtedly knew the trial court had denied his first Rule 32 petition and he had been advised by the state appellate court of the proper remedy for seeking an out-of-time appeal from the trial court's judgment, and his instant § 2254 petition was filed over two years after he knew about the denial of his first Rule 32 petition. Presuming, without deciding, that Young's failure to receive earlier notice of the denial of his Rule 32 petition constitutes "extraordinary circumstances," Young's lengthy and unexplained delay in seeking to vindicate his rights in both state and federal court following such notice fails to satisfy the diligence requirement for equitable tolling. *See Felton v. Florida*, 153 Fed. App'x 620, 621 (11th Cir. 2005); *Williams v. Sec'y, Florida Dep't of Corr.*, 2015 WL 4459503 at *2 (M.D. Fla. Jul. 21, 2015); *United States v. Preyear*, 2010 WL 4026087 at *3 (S.D. Ala. Sep. 22, 2010).

For a habeas petitioner to obtain relief through equitable tolling, there must be a causal connection between the alleged extraordinary circumstance and the untimely filing of

the habeas petition.  *San Martin*, 633 F.3d at 1267; *see Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005).  "[I]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  *Brown v. Shannon*, 322 F.3d 768, 773 (3rd Cir. 2003).  Under the circumstances set out above, the connection between Young's untimely receipt of notice of the denial of his first Rule 32 petition – the "extraordinary circumstance" posited by Young – and Young's subsequent delay in pursuing his rights in state and federal court is too attenuated to justify equitable tolling.  Young's failure to demonstrate his reasonably diligence in pursuing his rights defeats his eligibility for equitable tolling.  Because he did not file his petition within the AEDPA's limitation period, his petition is time-barred under § 2244(d).[5]

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED

---

[5] Young also argues that the federal limitation period does not apply to his § 2254 petition because he raises a "jurisdictional" claim, i.e., that the trial court was without jurisdiction to accept his guilty plea to first-degree assault as a lesser included offense of attempted murder, and that his claim goes to the legality of his sentence.  Doc. No. 10 at 2.  If this court were an Alabama court, that argument might have some force.  *See, e.g., McNeal v. State*, 43 So. 3d 628, 629 (Ala. Crim. App. 2008) (challenge to allegedly illegal sentence raised in a Rule 32 proceeding not barred by the statute of limitations in Ala.R.Crim.P. 32.2(c), because if the sentence is illegal, the sentence exceeds the jurisdiction of the trial court).  However, there is no similar exception to the limitations period in 28 U.S.C. § 2244(d).  Thus, Young's "jurisdictional" claim does not entitle him to any relief from operation of the federal statutory limitations bar.

with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner.  The petitioner is DIRECTED to file any objections to this Recommendation on or before **September 14, 2016.**  Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 31st day of August, 2016.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE