IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARCUS CHRISTOPHER YOUNG, # 186204, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KARLA JONES, Warden, *et al.*, )<br>)<br>Defendants. ) | CASE NO. 1:14-CV-256-WKW<br>(WO) |

## **ORDER**

On August 31, 2016, the Magistrate Judge filed a Recommendation (Doc. # 15) to which Plaintiff timely filed objections. (Doc. # 16.) The court has considered the record and the objections and has conducted an independent and *de novo* review of those portions of the Recommendation to which objections are made. *See* 28 U.S.C. § 636(b).

Plaintiff has not shown any error in the Magistrate Judge's Recommendation that Plaintiff's habeas petition, filed pursuant to 28 U.S.C. § 2254, be denied as untimely. *See* 28 U.S.C. § 2244(d)(1) (setting forth a one-year statute of limitations for "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court"). In his objections, Plaintiff implies that the Magistrate Judge failed to consider whether a claim of actual innocence saves his otherwise untimely petition. Plaintiff's petition does not raise a claim of actual innocence.

Plaintiff's recent conclusory attempt to raise the issue for the first time in his objections is unavailing. Plaintiff does not provide any details or information, much less any newly discovered evidence, that would indicate the nature of his claim of actual innocence or permit any consideration of the issue. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1936 (2013) (holding that the actual innocence "gateway" to open an untimely or procedurally barred habeas petition "should open only when [the] petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." (citation and internal quotation marks omitted)).

Accordingly, it is ORDERED:

1. Plaintiffs' objections (Doc. # 16) are OVERRULED;

2. The Recommendation (Doc. # 15) is ADOPTED;

3. Plaintiff's § 2254 petition is DENIED and this case is DISMISSED with prejudice, as the petition was untimely filed after the expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

Final judgment will be entered separately.

DONE this 26th day of October, 2016.

                                  /s/ W. Keith Watkins
                         CHIEF UNITED STATES DISTRICT JUDGE